IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| ROSEMONT HOCKEY PARTNERS, L.P., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| WORLD WRESTLING ENTERTAINMENT, INC. AND CHRIS BENOIT, | ) ) ) |
| Defendants. | ) ) |

DOCKETED FEB 0 9 2004

04C 0966

JUDGE LEINENWEBER

JURY DEMAND

MAGISTRATE JUDGE ASHMAN

## COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF

### PARTIES

1.      Plaintiff Rosemont Hockey Partners, L.P. ("Rosemont") is an Illinois partnership

with offices at 2301 Ravine Way, Glenview, Illinois. Plaintiff Rosemont owns the Chicago

Wolves, a professional hockey team playing in the American Hockey League. The Chicago

Wolves play other American Hockey League teams at live events across the United States and

Canada. All games are televised in the Chicago area. Rosemont owns certain registered

trademarks used by the Chicago Wolves, including an artist's rendering of a wolf with exposed

teeth (Registration No. 2,175,227), a true and correct copy of which is attached hereto as Ex. A

(the "Wolves Trademark"). Rosemont has registered the Wolves Trademark with the U.S. Patent

and Trademark Office. The Wolves Trademark is recognized throughout this country and in

other countries.

2.      Defendant World Wrestling Entertainment, Inc. ("WWE") is a Delaware

corporation with its principal place of business in Stamford, Connecticut. WWE stages wrestling

41049v1

events for public entertainment. On information and belief, WWE owns the rights to the characters that perform in its events and any associated costumes, names, props, story lines and merchandise. WWE develops, produces and markets television programs and live events based on the performing characters. These television programs are broadcast nationwide, including in the State of Illinois, and certain WWE live events are also held in the State of Illinois.

3. Defendant Chris Benoit ("Benoit") is a resident of Alberta, Canada and a performer for WWE. Benoit regularly appears on WWE television programs broadcast in the State of Illinois and appears at live events sponsored and promoted by WWE in the State of Illinois.

4. Rosemont recently learned that Defendants WWE and Benoit are using the Wolves Trademark on the wrestling apparel of Benoit. Attached as Ex. B is a true and correct copy of a photograph that clearly shows the unauthorized commercial use of the Wolves Trademark by WWE and Benoit in connection with Benoit's wrestling apparel. Defendants have copied the Wolves Trademark and have used it for unauthorized commercial purposes.

5. In this action, Rosemont seeks injunctive relief barring defendants from further infringement and misuse of the Wolves Trademark. Rosemont also seeks damages in excess of $75,000, attorneys' fees and other relief authorized by statute and the common law.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367 (supplemental jurisdiction).

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

- 2 -

41049v1

## COUNT I

### TRADEMARK INFRINGEMENT
### UNDER SECTION 32 OF THE LANHAM ACT

8.    For many years, Rosemont has used the Wolves Trademark on its uniforms,

promotional materials and consumer products.  The Wolves Trademark is an arbitrary design of a

wolf, which appears in a fanciful manner, with exposed teeth, jagged fur, and a menacing

expression.  The stylized way in which the wolf is depicted is original and distinctive.  The

Wolves Trademark is strongly identified with the Chicago Wolves hockey team.

9.    Through marketing, advertising and use, Rosemont has developed significant

consumer identification and goodwill in the Wolves Trademark.  The Wolves Trademark is

identified with the team as its single source.

10.    On information and belief, one of Benoit's wrestling nicknames is "The

Wolverine."  In recent weeks, defendant Benoit has appeared in public wearing wrestling apparel

with a logo identical or confusingly similar to the Wolves Trademark.  See Ex. B.

11.    Defendants have intentionally copied the distinctive visual features of the Wolves

Trademark.  Defendants' intentional use of an identical or confusingly similar logo constitutes an

unlawful infringement of Rosemont's rights in the Wolves Trademark and will confuse

consumers as to the source of the logo on Benoit's costume.  Rosemont has spent time, money

and effort to establish the goodwill associated with the Wolves Trademark.  Defendants' acts

dilute this goodwill.

12.    On December 10, 2003, Rosemont sent a cease and desist letter to Benoit c/o

WWE telling Benoit to stop infringing upon and misusing the Wolves Trademark.  A true and

correct copy of the letter is attached as Ex. C.  On January 9, 2004, Rosemont sent a second cease

- 3 -

and desist letter to WWE, insisting that WWE and all others acting under its direction or on its behalf, including Benoit, immediately cease and desist from any further display or other use of any logo likely to be confused with the Trademark. A true and correct copy of the letter is attached as Ex. D. Neither WWE nor Benoit has responded to either letter.

13.     Defendants' continuing infringement of the Wolves Trademark and other unlawful acts of unfair competition are willful and deliberate.

14.     Defendants' activities constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

15.     Rosemont has been damaged by reason of defendants' wrongful acts, including their trademark infringement, and Rosemont will continue to suffer irreparable damage unless defendants are enjoined from further wrongful acts of trademark infringement.

16.     An injunction barring defendants' unlawful acts, including trademark infringement and unfair competition is necessary to protect Rosemont's rights. Without an injunction, Rosemont will suffer irreparable harm.

## COUNT II

### FALSE DESIGNATION OF ORIGIN
### UNDER SECTION 43(a) OF THE LANHAM ACT

17.     Rosemont incorporates the allegations of Paragraphs 1 through 16 by reference as if fully set forth herein.

18.     Rosemont has been damaged because the relevant consuming public is and will continue to be confused as to the true source of defendants' infringing logo.

- 4 -

19.    Defendants' activities constitute false designation of origin of goods or services

sold in commerce in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

## COUNT III

### FEDERAL TRADEMARK DILUTION
### UNDER SECTION 43(c) OF THE LANHAM ACT

20.    Rosemont incorporates the allegations of Paragraphs 1 through 19 by reference as

if fully set forth herein.

21.    The Wolves Trademark is famous and distinctive within the meaning of Section

43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1).  The Wolves Trademark is inherently

distinctive and has acquired distinction through Rosemont's continuous and exclusive right to

use the Wolves Trademark for sporting and other promotional events, as well as the sale of

consumer merchandise and apparel associated with the Chicago Wolves.

22.    Defendants' activities were conducted with full recognition of Rosemont's

ownership and use of the Wolves Trademark and commenced after the Wolves Trademark had

become famous.  Defendants acted with the intent to trade on the Chicago Wolves' goodwill and

reputation.

23.    Defendants' activities dilute the value of the Wolves Trademark by lessening

consumers' ability to identify and distinguish Chicago Wolves' products and events.

Defendants' acts have caused damage and harm to Rosemont, its customers and the public, in

violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

41049v1

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

24.    Rosemont incorporates the allegations of Paragraphs 1 through 23 by reference as if fully set forth herein.

25.    Defendants' activities have deceived and are likely to continue to deceive members of the public and are likely to cause confusion, misunderstanding, mistake or deception as to the affiliation, connection, association, origin, sponsorship, approval or certification of defendants' performers with the Chicago Wolves.

26.    Rosemont has been damaged by reason of defendants' acts of unfair competition and deceptive trade practices alleged herein.

27.    Defendants' activities constitute unfair competition and deceptive trade practices in violation of Illinois statutes 815 ILCS § 510/1 et seq., and common law.

**WHEREFORE**, Rosemont respectfully requests that the Court:

A.    Enter a judgment declaring that defendants' use of the Wolves Trademark in connection with the sale, advertising and promotion of Benoit or any of WWE's other performers constitutes willful trademark infringement, false designation of origin, dilution of a famous mark and unfair competition and deceptive trade practices in violation of federal and state law;

B.    Enjoin WWE, Benoit and all others acting under their direction or on their behalf, from any further display or other use of the mark shown in Exhibit B or any other mark likely to be confused with the Trademark; from interfering in any way with Rosemont's use of the Trademark; and from competing unfairly with Rosemont in any manner;

- 6 -

C.  Order an accounting to Rosemont of all profits realized by defendants by reason of their unlawful acts alleged herein and award Rosemont those profits;

D.  Award Rosemont treble damages pursuant to 15 U.S.C. § 1117 for defendants' violation;

E.  Award Rosemont its costs and reasonable attorneys' fees; and

F.  Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rosemont Hockey Partners, L.P. seeks a jury trial for all issues triable by jury.

Dated: February 6, 2004                    ROSEMONT HOCKEY PARTNERS, L.P.


By: _____
                One of Its Attorneys

Charles S. Bergen
Christine G. Lyons
GRIPPO & ELDEN, LLC
227 West Monroe Street
Suite 3600
Chicago, Illinois 60606
(312) 704-7700 (telephone)
(312) 558-1195 (facsimile)

- 7 -

41049v1

# Exhibit A



# Exhibit B

**VENDIO**

*Introducing* **Customer Manager**
Reduce your Email Management time by 50%

Start your FREE TRIAL today!

Track this auction at Vendio



FREE Supersized images and unlimited hosting using Vendio Sales Manager

**<< Back to Previous Page**

# Exhibit C

# GRIPPO & ELDEN

Suite 3600
227 West Monroe Street
Chicago, Illinois 60606

FAX:
(312) 558-1195
(312) 263-7356

(312) 704-7700

To Call Writer Direct
(312) 704-7780
cbergen@grippoelden.com

December 10, 2003

**BY FEDERAL EXPRESS**

Chris Benoit
c/o World Wrestling Entertainment
1241 East Main Street
Stamford, CT 06905

Re:     **Infringement of Chicago Wolves Trademark**

Dear Mr. Benoit:

    We are counsel for Rosemont Hockey Partners, L.P. ("Rosemont"). Rosemont owns a registered trademark in the logo used by the Chicago Wolves hockey team—an artist's rendering of a wolf with exposed teeth (Registration No. 2,175,227). (A copy of the trademark is attached). We recently learned that you have been using a virtually identical logo for commercial purposes. The attached photograph clearly shows your unauthorized commercial use of our client's Chicago Wolves logo.

    Your unauthorized commercial use of the Chicago Wolves' logo creates confusion in the marketplace and dilutes the value of our client's trademark. Such unauthorized commercial use constitutes unlawful trademark infringement, unfair competition, unlawful misappropriation of Rosemont's proprietary rights, as well as unfair and deceptive trade practices. Federal and state laws protect Rosemont's rights and entitle it to immediate injunctive relief, an accounting, disgorgement of profits, damages, penalties, attorneys fees and costs.

    **Rosemont insists that you, and all others acting under your direction or on your behalf, immediately cease and desist from any further display or other use of any mark likely to be confused with the Chicago Wolves' distinctive trademark.**

    To avoid litigation, you must confirm in writing within seven business days that your activities in connection with the display and use of any mark or logo similar to the trademark of the Chicago Wolves has ceased. You must also provide us with information specifying the manner and extent of your prior use of any mark or logo similar to the Chicago Wolves' trademark and provide us with the names, addresses and telephone numbers of all suppliers or manufacturers from whom you have purchased products bearing any such mark or logo.

# GRIPPO & ELDEN

Mr. Chris Benoit
December 10, 2003
Page 2

Please contact us promptly.

Yours very truly,

Charles S. Bergen

/km

Enclosures

cc:    Adam E. Fox
       Seth I. Gold, Esq.
       (Rosemont Hockey Partners, L.P.)

38400v1





Track this auction at Vendio



FREE Supersized images and unlimited hosting using Vendio Sales Manager

**<< Back to Previous Page**

# Exhibit D

# GRIPPO & ELDEN

Suite 3600
227 West Monroe Street
Chicago, Illinois 60606

FAX:
(312) 558-1195
(312) 263-7356

(312) 704-7700

To Call Writer Direct
(312) 704-7780
cbergen@grippoelden.com

January 9, 2004

**BY FEDERAL EXPRESS**

Phil Livingston
Executive Vice President and
  Chief Financial Officer
World Wrestling Entertainment, Inc.
1241 East Main Street
Stamford, Connecticut 06902

Re:    <u>Infringement of Chicago Wolves Trademark</u>

Dear Mr. Livingston:

      We are counsel for Rosemont Hockey Partners, L.P. ("Rosemont"), owner of the Chicago Wolves, a professional hockey team. Rosemont owns the registered trademarks used by the Wolves, including an artist's rendering of a wolf with exposed teeth (Registration No. 2,175,227). A copy of the trademark is attached. It recently came to our attention that World Wrestling Entertainment, Inc. ("WWE") is using this trademarked logo on the apparel of one of its performers, Chris Benoit. The attached photograph clearly shows the unauthorized commercial use of the Chicago Wolves logo by WWE in connection with Mr. Benoit's character.

      Your unauthorized commercial use of the Chicago Wolves' logo creates confusion in the marketplace and dilutes the value of our client's trademark. Such unauthorized commercial use constitutes unlawful trademark infringement, unfair competition, unlawful misappropriation of Rosemont's proprietary rights, as well as unfair and deceptive trade practices. As owner of the rights to Mr. Benoit's wrestling character and promoter of commercial activity involving the unauthorized use of the Chicago Wolves' logo, WWE is also sponsoring and broadcasting the misuse of our client's registered trademark. Federal and state laws protect Rosemont's rights in the trademark and entitle it to immediate injunctive relief, an accounting, disgorgement of profits, damages, penalties, attorneys fees and costs.

      **Rosemont insists that WWE, and all others acting under its direction or on its behalf, including Mr. Benoit, immediately cease and desist from any further display or other use of any mark likely to be confused with the Chicago Wolves' distinctive trademark.**

# GRIPPO & ELDEN

Phil Livingston
Executive Vice President and
  Chief Financial Officer
World Wrestling Entertainment, Inc.
January 9, 2004
Page 2

To avoid litigation, you must confirm in writing within ten business days that all activities in connection with the display and use of the Chicago Wolves trademark have ceased. You also must provide us with complete information specifying the manner and extent of any prior use of any mark or logo similar to the Chicago Wolves' trademark that you are aware of and provide us with the names, addresses and telephone numbers of all suppliers or manufacturers from whom your performer obtained unauthorized products bearing any such mark or logo.

Please contact us promptly.

Yours very truly,

Charles S. Bergen

CSB/rmg

Enclosures

cc:     Adam E. Fox
        Seth I. Gold, Esq.
        (Rosemont Hockey Partners, L.P.)



Vendio.com

Page 1 of 1



*Introducing* **Customer Manager**
Reduce your Email Management time by 50%

Start your FREE TRIAL today!

Track this auction at Vendio



FREE Supersized images and unlimited hosting using Vendio Sales Manager

**<< Back to Previous Page**

# U...TED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**
FEB 0 9 2004

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

## 04C 0966

**Plaintiff(s): ROSEMONT HOCKEY PARTNERS, L.P.**

**Defendant(s): WORLD WRESTLING ENTERTAINMENT, INC., AND CHRIS BENOIT**

County of Residence: Cook

County of Residence: JUDGE LEINENWEBER

Plaintiff's Atty:    Grippo & Elden, LLC
227 W. Monroe St., Suite 3600
Chicago, IL 60606
312-704-7700

Defendant's Atty:

**MAGISTRATE JUDGE ASHMAN**

II. Basis of Jurisdiction:       **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal
Parties (Diversity Cases Only)
                    Plaintiff:- N/A
                    Defendant:- N/A

IV. Origin :       **1. Original Proceeding**

V. Nature of Suit:       **840 Trademark**

VI. Cause of Action:       **15 U.S.C. §§ 1114, 1125**

*FILED FOR DOCKETING*
*04 FEB -6 PM 4: 28*
*U.S. CLERK DISTRICT COURT*

VII. Requested in Complaint
       Class Action: **No**
       Dollar Demand: **Amount shown at trial**
       Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _Christe M. Yyonn_

Date: _2/6/04_

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**

FEB 0 9 2004

### EASTERN DIVISION

In the Matter of

Rosemont Hockey Partners, L.P.,
v.                          **Plaintiff**
World Wrestling Entertainment,
Inc. and Chris Benoit,      **Defendant**

Case Number: **04C 0966**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Rosemont Hockey Partners, L.P.

*JUDGE LEINENWEBER*

*MAGISTRATE JUDGE ASHMAN*

| (A) | | | | (B) | | | |
|---|---|---|---|---|---|---|---|
| **SIGNATURE** | | | | **SIGNATURE** | | | |
| **NAME** Charles S. Bergen | | | | **NAME** Christine G. Lyons | | | |
| **FIRM** Grippo & Elden, LLC | | | | **FIRM** Grippo & Elden, LLC | | | |
| **STREET ADDRESS** 227 W. Monroe St., Suite 3600 | | | | **STREET ADDRESS** 227 W. Monroe St., Suite 3600 | | | |
| **CITY/STATE/ZIP** Chicago, IL 60606 | | | | **CITY/STATE/ZIP** Chicago, IL 60606 | | | |
| **TELEPHONE NUMBER** 312-704-7700 | | **FAX NUMBER** 312-558-1195 | | **TELEPHONE NUMBER** 312-704-7700 | | **FAX NUMBER** 312-558-1195 | |
| **E-MAIL ADDRESS** cbergen@grippoelden.com | | | | **E-MAIL ADDRESS** clyons@grippoelden.com | | | |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** 6186595 | | | | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** 06196945 | | | |
| **MEMBER OF TRIAL BAR?** | YES ☑ | NO ☐ | | **MEMBER OF TRIAL BAR?** | YES ☐ | NO ☑ | |
| **TRIAL ATTORNEY?** | YES ☑ | NO ☐ | | **TRIAL ATTORNEY?** | YES ☐ | NO ☑ | |
| | | | | **DESIGNATED AS LOCAL COUNSEL?** | YES ☐ | NO ☐ | |

*FILED FOR DOCKETING 04 FEB -6 PM 4:29 CLERK U.S. DISTRICT COURT*

| (C) | | | | (D) | | | |
|---|---|---|---|---|---|---|---|
| **SIGNATURE** | | | | **SIGNATURE** | | | |
| **NAME** | | | | **NAME** | | | |
| **FIRM** | | | | **FIRM** | | | |
| **STREET ADDRESS** | | | | **STREET ADDRESS** | | | |
| **CITY/STATE/ZIP** | | | | **CITY/STATE/ZIP** | | | |
| **TELEPHONE NUMBER** | | **FAX NUMBER** | | **TELEPHONE NUMBER** | | **FAX NUMBER** | |
| **E-MAIL ADDRESS** | | | | **E-MAIL ADDRESS** | | | |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | | | | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | | | |
| **MEMBER OF TRIAL BAR?** | YES ☐ | NO ☐ | | **MEMBER OF TRIAL BAR?** | YES ☐ | NO ☐ | |
| **TRIAL ATTORNEY?** | YES ☐ | NO ☐ | | **TRIAL ATTORNEY?** | YES ☐ | NO ☐ | |
| **DESIGNATED AS LOCAL COUNSEL?** | YES ☐ | NO ☐ | | **DESIGNATED AS LOCAL COUNSEL?** | YES ☐ | NO ☐ | |

13